# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :
                     :
       v.                  :       CRIMINAL NO.  05-172 (RCL)
                     :
DERRICK GREENE            :
                     :
      Defendant.         :
_____:

## GOVERNMENT'S NOTICE OF INTENT TO IMPEACH DEFENDANT
## WITH HIS PRIOR CONVICTION PURSUANT TO FED. R. EVID. 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

## I.  Background

The defendant is currently charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.  The defendant's prior felony conviction is the following:

Defendant was convicted on September 28, 2001 of Possession With Intent to Distribute Cocaine and Possession With Intent to Distribute Marijuana in the Superior Court for the District of Columbia in Case No. F-2730-01.  Defendant was sentenced on the cocaine charge, under the Youth Rehabilitation Act, to two years incarceration, three years backup time, and five years supervised release, but the

execution of the sentence was suspended for all but his time served and he was placed on two years supervised probation.    Defendant was sentenced on the marijuana charge, under the Youth Rehabilitation Act, to one year, but the execution of the sentence was suspended for all but his time served, and he was placed under a concurrent term of two years supervised probation.  On April 26, 2002, defendant's probation was revoked and he was sentenced on the cocaine charge to two years incarceration and five years supervised release.  He was sentenced on the marijuana charge to a concurrent one year of incarceration and three years supervised release.  Defendant was released from incarceration on this case on June 18, 2003, to begin five years of supervised release.

Should defendant choose to testify, the government seeks to use this conviction to impeach him pursuant to Fed. R. Evid. 609(a)(1).

## II.  Fed. R. Evid. 609(a)(1)

"[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect.  Fed. R. Evid. 609(a)(1).  The charge of Possession With Intent to Distribute Cocaine described above is punishable by incarceration for more than one year.  This Court should permit the use of the conviction to impeach the defendant because its probative value outweighs any prejudicial effect.   United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062.  Should he choose to testify, defendant's credibility will be a central issue in the case.  The probative value of the conviction, therefore, is quite high.  Id.  With

2

respect to the prejudice prong of the analysis, the Court of Appeals recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value. As part of its case in chief regarding the possession of the firearm by a convicted felon, the government is required to prove beyond a reasonable doubt that the defendant was convicted of a felony prior to possessing the firearm in this case. Accordingly, the conviction listed above is admissible as substantive evidence of the defendant's guilt of the crime charged. Since the jury will be aware of the conviction anyway, its use for impeachment purposes will not create any danger of unfair prejudice, and certainly not enough to outweigh its probative value as to the defendant's credibility. In addition, in United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980), the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.


**III.  Fed. R. Evid. 609(b)**

Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes:  "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."  Here, defendant still was on supervised release in Case No. F-2730-01 at the time he committed the instant offense, and he

was released from incarceration in that case within the last ten years.  Thus, the conviction may

properly be used for impeachment.

        WHEREFORE, the government respectfully notifies defendant and the Court of its intent to

use defendant's prior convictions for impeachment purposes and asks the Court to permit the

government to do so..

                                    Respectfully Submitted,

                                    KENNETH L. WAINSTEIN
                                    UNITED STATES ATTORNEY
                                    Bar No. 451058


                                    _____
                                    Priscilla Carroll
                                    Assistant United States Attorney
                                    GA Bar Number 112510
                                    Narcotics Section
                                    555 4th Street, N.W. – Room 4848
                                    Washington, D.C. 20001
                                    (202) 305-0710