**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Criminal No. 05-0172 (RCL)** |
| **DERRICK GREENE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MOTION TO SUPPRESS EVIDENCE**
**AND INCORPORATED MEMORANDUM IN SUPPORT AND**
**REQUEST FOR EVIDENTIARY HEARING**

Defendant, Derrick Greene, through undersigned counsel, respectfully moves this Court

to suppress at trial all evidence seized by law enforcement agents as the fruit of an illegal stop,

search, and arrest.[1]  The motion is made pursuant to Fed. R. Crim. P. 12(b)(3) and the Fourth

Amendment to the United States Constitution and is supported by the discussion below.  An

evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

Mr. Greene was arrested on March 25, 2005 and he was charged by criminal complaint

with possession of a firearm by a person previously convicted of a crime punishable by a term of

imprisonment exceeding one year in violation of 18 U.S.C. § 922(g).  A preliminary hearing was

---

[1]  In the event counsel learns of new information supporting the need for further
motions, counsel respectfully reserves Mr. Greene's right to later supplement this motion and/or
file additional motions which may be appropriate in his case.  In particular, the government has
indicated that Mr. Greene made no statements in connection with his arrest in this case.  Thus,
this motion is predicated on the understanding that the government will not seek to introduce any
alleged statements by Mr. Greene.

held on April 8, 2005.  On May 12, 2005, Mr. Greene was indicted for possession of a firearm by

a person previously convicted of a crime punishable by a term of imprisonment exceeding one

year in violation of 18 U.S.C. § 922(g).

## STATEMENT OF FACTS[2]

According to the P.D. 163 police report filed in this case, during the daylight hour of 5:58

p.m. on March 25, 2005 metropolitan police officers stopped a car Derrick Greene was driving

for a possible window tint violation.  There were at least two police officers who made the initial

stop and several other officers arrived immediately to assist.  The car Mr. Greene was driving

was occupied by Mr. Greene and two passengers.  Officers removed all three individuals from

the car to test the windows for the possible window tint violation.

As officers were removing Mr. Greene from the car, they claim Mr. Greene dropped his

lit cigarette on the car floorboard.  An officer retrieved the cigarette for Mr. Greene and in doing

so allegedly discovered a cup of amber/brown colored alcohol.  At that point, officers placed Mr.

Greene under arrest for possession of an open container of alcohol.  After Mr. Greene was placed

under arrest, officers searched the vehicle incident to arrest and discovered a firearm.   Officers

subsequently administered a window tint test and determined that the vehicle's tint was too dark.

### DISCUSSION

**ALL OF THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE
TAINTED FRUIT OF MR. GREENE'S ILLEGAL STOP AND ARREST.**

The Fourth Amendment of the United States Constitution requires that all searches and

seizures, including searches and seizures of the person, be "reasonable."  In order for warrantless

---

[2]    By including facts as stated by the government, Mr. Greene does not in any way
concede that the police report is correct.

searches and seizures to be "reasonable," they must be supported by a limited exception to the

warrant requirement.  See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985).  In the instant

case, Mr. Greene's stop, search, and seizure by law enforcement officers were unreasonable

considering that he was stopped, searched and seized without any probable cause or based on any

other legitimate exception to the warrant requirement.

Mr. Greene was ordered out of his vehicle before the officers took any steps to determine

whether Mr. Greene had, in fact, committed a traffic infraction by driving a car with window tint

that was too dark.  An officer's desire to investigate someone to determine whether traffic

violation is occurring does not automatically justify ordering an individual out of his vehicle.

See Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977) (emphasizing "we do not hold today

that 'whenever an officer has an occasion to speak with the driver of a vehicle, he may also order

the driver out of the car.'").  Moreover, a desire to conduct a window tint test does not require

that an individual first exit the vehicle before the officer can perform the test.  See, e.g., U.S. v.

Barrington, 210 F. Supp. 2d 773, 774 (E.D. Va. 2002) (establishing facts that officer conducted

window tint check with defendant seated in vehicle and removed defendant after finding actual

violation); United States v. Jones, 2005 U.S. Dist. LEXIS 10549, 3 (N.D. Iowa 2005)

(establishing facts that officer ordered defendant back into the vehicle to conduct window tint

test after defendant had unusually exited the vehicle); United States v. Yang, 2002 U.S. Dist.

LEXIS 25479, 5 (N.D. Iowa 2002) (establishing facts that officer asked defendant to slightly roll

up his window from inside of his car in order to conduct tint test); United States v. Glaspie, 993

F. Supp. 448, 452-53 (W.D. La. 1998) (establishing facts that officer conducted tint test while

defendant was in the vehicle despite officer's reasonable suspicion that defendant was carrying

3

drugs in the car).

Because the alleged tint violation could be confirmed or ruled out from outside the vehicle without ordering Mr. Greene to exit the vehicle, when officers took the additional step of removing the Mr. Greene and all passengers, they violated the Fourth Amendment.  New York v. Class,  475 U.S. 106 (1986).  In Class, a case involving the use of an illegal vehicle identification number, the Supreme Court ruled that police officers are not authorized to enter a vehicle to determine whether a violation of the law is occurring; least of all when the determination can be made from outside the vehicle.  The Court wrote that where the object at issue is "in plain view of someone outside the vehicle, there is no justification for the government's intrusion into the passenger compartment" Id. at 119.  When the officers ordered Mr. Greene and passengers out of the vehicle to conduct a window tint test, they ignored the admonitions of the Supreme Court in Mimms and Class and violated the Fourth Amendment's proscriptions against  government intrusion and overreaching.  Since the reason for Mr. Greene's arrest for possession of alcohol was the result of officers removing Mr. Greene from the vehicle and officers had no reason or authority to remove Mr. Greene, the evidence discovered after his removal, including the alcohol and the firearm, should be suppressed as the tainted fruits of an illegal seizure.  Taylor v. Alabama, 457 U.S. 687 (1982).

**CONCLUSION**

For the foregoing reasons, Mr. Greene asserts that his seizure, and the search of the vehicle were unlawful.  If the government disagrees, it should be required to justify the stop, and arrest of Mr. Greene and the subsequent search of the vehicle at a hearing.  If it cannot do so, Mr. Greene respectfully requests that this Court suppress all evidence seized as a result of his unconstitutional seizure and search.

Mr. Greene respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500