# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-0172 (RCL)** |
| | : | |
| | : | |
| **DERRICK GREENE,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE, STATEMENT OF THE CASE, INSTRUCTIONS AND VERDICT FORM

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, and defendant, hereby submit the following proposed voir dire, instructions and verdict form.

## PROPOSED VOIR DIRE

Introduction

Good morning, Ladies and gentlemen, I am Judge Royce C. Lamberth, and I will be the presiding judge in this case. You have been called to the courtroom for possible selection as jurors in a criminal case entitled United States v. Derrick Greene. Mr. Greene is charged with one offense that I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we will proceed.

## [SWEARING IN]

The procedure of jury selection is called the voir dire process, and the object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and

no bias toward either side in this case. In short, it is our aim to select a jury that will reach a

verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During this <u>voir</u> <u>dire</u> process, you will be introduced to all of the participants in the trial and I

will ask you a series of questions.

The words <u>voir</u> <u>dire</u> are a legal term which comes from the French language and means to

speak truthfully, and the origin of <u>voir</u> <u>dire</u> helps explain its purpose. It is the time at the

beginning of a trial when a jury is selected and when I will ask you some questions that the

lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are

bound by the oath you've just taken to speak truthfully in response to those questions.

Now, as I just said, the reason for asking the questions is to help the parties and the Court

select a jury that will be fair and impartial, that will make a decision based only on the evidence

presented in the courtroom, and that will follow my instructions and will be fair to both sides.

You should have a little card and a pencil, hopefully. I would ask, if you haven't done so,

that on one side of the card you put your juror number. As I go through each of these questions,

if your answer is yes or if you think you have some information to provide in response to the

question, just write down the number of the question. So don't write all of them down, just write

down the ones for which you answer yes and have some information to provide to the court and

counsel.

I will go through each question very carefully. If you want me to repeat it, please raise

your hand. If you want me to go over it again because you didn't hear or understand it, please

raise your hand.

Also as we go through this, if you remember information in response to an earlier

question and you can't remember the number, there is sort of a catchall question at the end so you

can just put that one down and then we can go back over what other information you have.  The

card is used just as a reminder for you of which questions you answered "yes" to when I went

through them all.

We're going to be asking you, from your perspective, what may appear to be some

personal questions to attempt to get your viewpoints about things, and it's important that you be

very straightforward with us and tell us your views.  Your responses  will make it easier for us to

be able to select a jury.  So I would hope that you would not view this as being intrusive.  It is

something that's important for counsel and for the Court to consider in deciding who should be

on the panel in terms of whether people are going to be able to be impartial.  You will not have to

discuss your answers in front of everyone in court; at the end of the process I will be calling each

of you to the bench one by one, where we will discuss your answers individually.

[**READ STATEMENT OF THE CASE**]

## STATEMENT OF THE CASE

This is a criminal case. Derrick Greene is the defendant in this case.  He is charged in a One-Count indictment.  The government alleges that on March 25, 2005, the defendant, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed a loaded firearm .  Mr. Greene denies possessing a firearm and maintains his innocence.

## VOIR DIRE QUESTIONS

1.      Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2.      I am Judge Lamberth, and I will be the presiding judge in this case.  Assisting me are Monte Keller, the Deputy Clerk; _____, the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____.  Do you know or think that you recognize any of us?

3.      The United States is represented in this case today by Assistant United States Attorney Lionel Andre.  Do you know or think that you recognize the prosecutor?  The attorney representing Mr. Greene is Attorney Tony Axam.    Do you know or think that you recognize Mr. Axam?

4.      Mr. Greene  lives in the 1400 block of Clifton Street, N.W.    Do you know or think that you recognize the defendant, Mr. Derrick Greene?

5.      Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or one's neighborhood?  Please take a look around

to be sure.

6.      The government alleges that the events set forth in the indictment occurred in the area of the xxxx xxxxx xx xxxxxxx xxxxxxx xxxx, in the District of Columbia.    Do you live near, work near, or have anything other than a general familiarity with this location?

7.      a)      The government may call some or all of the following persons as witnesses, who Mr. Andre will  now identify.  Not all of these witnesses will necessarily testify. Do you know or think that you recognize any of these proposed witnesses?

        b)      The defense may call some or all of the following persons as witnesses, whom Mr. Axam  will now identify, although the defense is not required to call any witnesses. Do you know or think that you recognize any of these proposed witnesses?

8.      In a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his or her innocence.  Would you have any difficulty at all in applying this principle of law?

9.      A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent.  The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying this principle of law?

10.     Because Mr. Greene is presumed innocent, he need not testify, nor offer any evidence.  Would you view his and his attorney's decision not to put on evidence, as evidence of guilt?

11.     Do any of you feel that because Mr. Greene has been previously convicted of an offense punishable by more than one year of imprisonment, that he is probably guilty of this

crime as well?

12.     To reach a verdict, every juror must agree on the verdict.  That is, any verdict

must be unanimous.  In deliberations you must consider the opinions and points of your fellow

jurors.  In the final analysis, however, you must follow your own conscience and be personally

satisfied with any verdict.

a)  Would you have any difficulty at all in expressing your own opinions and

thoughts about this case to your fellow jurors?

b)  Do you feel that you would tend to go along with the majority of jurors, even if

you did not agree, just because you were in the minority?

13.     Do you believe that law enforcement agents or officers are, or are not,

trustworthy as a general matter, and would any of you tend to give either more or less weight to,

or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply

because of his or her status as a law enforcement agent or officer?

14.     Have you ever served on a Grand Jury?

[*Follow-up at the bench:  Do you understand that the level of proof for conviction

at trial is different from the level of proof required to indict?  Would you have any difficulty at

all in applying the correct standard as I define it for you at the close of this case?*]

15.     Have you ever served as a juror in a criminal case in a federal court, a District of

Columbia court, or in a court located somewhere else?

[*Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in

each case?  Was there anything about that experience -- whether it involved the lawyers, the

judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you*

*would have trouble being fair and impartial, or that you believe would make it difficult for you to*

*serve as a juror in this case?]*

16.    Have you (or any of your household members or close friends and relatives) ever

worked, in any capacity, for any type of law enforcement agency?  This would include, among

others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the

Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park

Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland

Security or other law enforcement agencies.  Please also answer "yes" to this question if you (or

any of your household members or close friends and relatives) have ever applied for a job with

any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that*

*experience affect your ability to serve as a juror in this case, especially if issues were to arise*

*concerning the credibility of police officers or law enforcement officers, or defense witnesses?*

*Would that experience affect your ability to be fair and impartial in this case?  Would it*

*otherwise make it difficult for you to sit as a juror in this case?]*

17.    Have you (or any of your household members or close friends and relatives) ever

worked, in any capacity, for a prosecutor's office?  That can include the Department of Justice, a

United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia,

or any state, county, or district attorney's office.  Please also answer "yes" to this question if you

(or any of your household members or close friends and relatives) have ever applied for a job

with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that*

*experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

18.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

19.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such individual or organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?*

*Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

20.     Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training?  This would include law school, paralegal training, or any post-graduate legal training.

21.     Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer?  Please also answer "yes" to this question if you (or any of your household members or close friends and  relatives) have ever applied for a job at any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

22.     Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

23.     Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

24.     Do you, because of the reported crime situation in D.C. or because of the reported

incarceration rate in D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

25.     The offenses in this case involve the alleged unlawful possession of a firearm.  Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

26.      Do you have an opinion or feeling about the possession of firearms, or  laws dealing with the possession or ownership of firearms, such as Gun Control laws, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial, such as a belief that gun possession should be legalized, or not enough is being done to ban guns?

27.      Are you (or any of your household members or close friends and relatives) a member of any group that advocates either for or against gun control?

28.      Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?  For purposes of this question, do not include minor traffic violations.

29.      This trial is expected to last approximately three days; the length of deliberations is determined by the jury itself.  Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

30.      Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

31.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

32.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

33.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language? Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

34.     Is there any reason or issue, not already raised, that might interfere with your ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

35.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides,  and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

That is it for the questions.  If anyone did not hear a question completely, or needs to have it explained or repeated, please raise your hand.

<u>Final Remarks</u>

We know roughly how many jurors we need to talk to in order to have the 12 jurors plus the alternates, including strikes from counsel.  And so what I will do is talk to as many people as I need to in order to make sure that I have a sufficient number of jurors.  So it may be that we will not need to talk to everybody.  I'll be bringing you up one by one.  If I don't need to talk to you -- in other words, if I have a sufficient pool to make a selection of the jury, then we will stop at that point, shorten this process and get through it as quickly as we can.

Now what we're going to do is bring you up to the bench here one by one with your  card.  We will go over the information that you've listed, and have a discussion with you about it.

What I would ask is that if you need to use facilities, you can go outside, they can direct you to them.  But please come back promptly.  Don't wait around out in the hall.  Certainly don't leave the courthouse.  What happens is sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you.  So it's important that if you go out, use the facilities, please come back into the courtroom promptly.

Now, I would ask that you not speculate about the case.  I would ask that if you have information that you're going to be providing me, please don't discuss it with your fellow jurors so that you don't create problems for them by telling them something that may excuse you and then may wind up having to excuse them.

You can talk among yourselves, get to know your fellow jurors.  This is a nice opportunity to do that.  It's a nice cross-section of our community to be able to talk together, get

to know your neighbors. There is no problem with that.

What I also ask is that if you do get up, that you look at whoever is on either side of you and where you are -- we put you in order according to the list so we know who you are -- and I ask that you go back to the same seat. Just make sure that you go back to the same place so we keep you in the order that we have you on the list and don't take you out of order.

Now, whether you go outside the courtroom to use facilities or if we wind up taking a lunch break, if you run into any of the witnesses that were introduced to you, I'd ask that you not stop and talk to them about anything. If you're seen talking to them I need to make an inquiry to make sure you are not talking about the case. You are not allowed to talk about the case. You're not allowed to ask them any questions about the case at all.

That goes for the attorneys as well. If you see them out in the hall, cafeteria, wherever, please don't talk to them. Again, if you're seen talking to them, even if you're not talking about the case, I still need to make an inquiry. It takes a lot of extra time. It will prolong this whole process. If you are talking about the case, then it definitely creates a problem and I'm instructing you that you are <u>not</u> to discuss the case.

We want you to come here without getting additional information from somebody else. That way, if you're chosen as a juror you'll be making your decision based on the evidence that's going to be presented to you in the courtroom.

# PROPOSED JURY INSTRUCTIONS

All citations are to the Red Book Criminal Jury Instructions unless otherwise noted.

**Instruction 1.01**

**INSTRUCTION TO DEFENDANT ON BOND AT BEGINNING OF TRIAL
(TO BE READ OUTSIDE PRESENCE OF THE JURY)**

As a condition of your release, you must be in the courtroom at all times during this trial unless I excuse you.  If you willfully fail to appear at any time, or fail to appear on time, an arrest warrant may be issued for you, and you may be prosecuted for bail jumping.  If you have posted bond, your bond may be forfeited.  If you are convicted of bail jumping, you can receive an additional term of imprisonment, a fine, or both.  In this case that means up to ____  additional years in jail and an additional fine of up to $ _____.

If you are voluntarily absent from any portion of this trial, I will conclude that you have waived your constitutional right to be present.  That means you will have given up your right to confront the government's witnesses and to testify yourself.  If you are voluntarily absent, the trial will still go on without you until the jury hears all the evidence and returns a verdict.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**(FOR READING PRIOR TO OPENING ARGUMENTS)**

**Instruction 1.02**

**NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations.  I want to emphasize that none of you are required to take notes.  Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses.  On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes.  You should remember that your notes are only an aid to help your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. [They will be collected by the clerk and given to me to keep.]  No one, including myself, will ever look at any of your notes.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed.  Again, neither I nor anyone else will look at any notes you have taken.

**Instruction 1.03**

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important

in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the

detailed instructions which I will give at the end of the trial just before you start your

deliberations.  These preliminary instructions are intended to give you a sense of what will be

going on in the courtroom and what your responsibilities as jurors will be.

**[INSERTION OF  INSTRUCTION 1.21:  PRELIMINARY INSTRUCTION TO JURY**

**WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED]**

You have probably noticed that there are fourteen (14) of you sitting in the jury box.

Only twelve (12) of you will retire to deliberate in this matter.  In some courtrooms, jurors in

seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom.

Instead, we randomly select the alternates' seats at the beginning of each trial from among all the

jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might

turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just

before you begin your deliberations.  Therefore, it is important that all of you think of yourselves

as regular jurors during this trial, and that all of you give this case your fullest and most serious

attention.

At the beginning of the jury selection process, witnesses were introduced to you by name.

If, at any time during this trial, you suddenly realize that you recognize or might know any

witness, lawyer, someone referred to in the testimony of the evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

**[READ OR SUMMARIZE THE INDICTMENT OR INFORMATION]**

You should understand clearly that the indictment that I just read [or summarized] is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with unlawful possession of a firearm and ammunition by a person who has previously been convicted of a crime punishable by a term of imprisonment exceeding one year. To prove this offense, the government must prove beyond a

reasonable doubt each of the elements of this offense.  The elements of this offense are:

1.      That the defendant knowingly possessed a firearm, that is, a

handgun, OR knowingly possessed ammunition;

2.      That the firearm or ammunition had been shipped or

transported from one state to another; and

3.      That at the time the defendant possessed the

handgun or ammunition, the defendant had been

convicted of a crime punishable by imprisonment

for a term exceeding one year.

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty.  On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will  refer to the "government" and to the "defendant."  When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment.  In this case, it is the Assistant United States Attorney, **LIONEL ANDRE**.  When I mention the defendant, I am referring either

to the defendant, **MR. DERRICK GREENE**, or to his attorney, **MR. TONY AXAM**.

.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended to help you understand the evidence which will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the

jury.  My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions which come up in the course of the trial, and to instruct you about the law which applies to this case.  It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You -- and only you -- are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, comment to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence includes the sworn testimony of witnesses and exhibits.  If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to

evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he or she represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget about the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget about both the question and the answer that was stricken. You should follow this same rule if any of the exhibits are stricken.

**[INSERTION OF INSTRUCTION 1.07: QUESTION NOT EVIDENCE]**

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer – not the lawyer's question. A lawyer's question is not evidence.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case – like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside

the courtroom.  You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case.  If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything.  If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion.  If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again.  You must also completely disregard any press coverage, including newspaper, television or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk.  You should not tell any of your fellow jurors or anyone else.  You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions.  Until the case is submitted to you, you must not talk about it with your fellow jurors.  You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**Instruction 1.05**

**CAUTIONARY INSTRUCTION**

**PRIOR TO FIRST RECESS**

We are about to take our first break during the trial and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone -- not with the parties, witnesses, attorneys or anyone else connected with the case. You must not even discuss it with your fellow jurors, friends or family members. To be fair to both the government and the defendant, you should keep an open mind throughout the trial. You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can. However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention. If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in

this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

**PROPOSED INSTRUCTIONS THAT THE PARTIES**

**ANTICIPATE MAY BE NEEDED DURING THE TRIAL**


**Instruction 1.04 [Stipulation]**


*To be read after stipulations:* Ladies and Gentlemen, the government and the defendant are allowed to stipulate – that is, agree – to certain facts.  Any stipulation of fact is undisputed evidence, and you may consider it proven.

**Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions.  But there is an exception to this rule for expert witnesses.  Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling.  They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____.  You are not bound by an expert's opinion.  If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

## PROPOSED FINAL INSTRUCTIONS


### SUGGESTED PREAMBLE

Ladies and Gentlemen, the time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers.  It is now up to me to instruct you on the law that should control your deliberations in this case.  My instructions will be roughly divided into four parts.  First, I will talk with you about some general principles of the law.  Second, I will instruct you on evaluating the evidence.  Third, I will discuss with you instructions that apply to the elements of the offenses charged in this case.  Finally, I will have some closing remarks about your deliberations in this matter.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you as you start your deliberations.

Let me begin with some general principles.  First, I am sure you understand by now that the jury and the court -- you and I -- have quite different responsibilities in a trial.

## GENERAL INSTRUCTIONS

### Instruction 2.01

## FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

### Instruction 2.02

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

**Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

**Instruction 2.04**

**EVIDENCE IN THE CASE --
STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts you find  proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 2.05**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**Instruction 2.06**

**INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him/her to trial.  You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction 1.07**

**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer -- not the lawyer's question.  A lawyer's question is not evidence.

**Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are

not evidence and you must not consider them in your deliberations.

**Instruction 2.08**

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**REASONABLE DOUBT**
**(U.S. v. Taylor, 997 F.2d 1551 (D.C. Cir. 1993))**

As I have said several times, the government has the burden of proving the defendant guilty beyond a reasonable doubt as to each count or charge against him.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true, which we call the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

**EVALUATING TESTIMONY AND EVIDENCE**

**Instruction 2.10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**


There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, such as an eyewitness, that witness's testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence.

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

**Instruction 2.11**


**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the

witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.13 (IF APPROPRIATE)**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

**Instruction 2.26**

**POLICE OFFICER'S TESTIMONY**

A police officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

**Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Instruction 1.10 (IF APPROPRIATE)**

**EVALUATION OF**

**PRIOR INCONSISTENT STATEMENT OF A WITNESS**

<u>Alternative A:</u> (for use when prior statements not made under oath are introduced):

You have heard evidence that _____ made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the witness' believability here in court. In other words, if on an earlier occasion the witness made a statement that is inconsistent with his/her testimony in court, you may consider the inconsistency in judging the credibility of the witness at trial. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' in-court testimony here.

<u>Alternative B</u> (for use when prior statements made under oath are introduced):

**Page 37 of 50**

You have [also] heard evidence that _____ made an earlier statement under oath, subject to the penalty of perjury at a prior _____ [describe when statement was made to make clear which of the prior inconsistent statements fit within this category] and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is inconsistent with the witness' present testimony in court, you may consider this inconsistency in judging the credibility of the witness here at trial. In addition, you may consider this earlier statement as proof that what was said in the earlier statement was true.

## Instruction 1.11 (IF APPROPRIATE)

## EVALUATION OF

## PRIOR CONSISTENT STATEMENT OF A WITNESS

You have heard evidence that _____ made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

**Instruction 2.27 (IF APPROPRIATE)**

**FAILURE OF DEFENDANT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify.  Mr. Greene  has

chosen to exercise his right to remain silent.  You must not hold this decision against him, and it

would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore,

instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the

defendant's decision not to testify.

**Instruction 2.28 (IF APPROPRIATE)**

**DEFENDANT AS WITNESS**

The defendant has a right to become a witness in his own behalf.  His testimony should not

be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may

consider the fact that the defendant has [a vital] [an] interest in the outcome of this trial.  As with

the testimony of any other witness, you should give the defendant's testimony such weight as in your

judgment it is fairly entitled to receive.

**Instruction 1.13 (IF APPROPRIATE)**

**IMPEACHMENT BY PROOF OF**

**CONVICTION OF CRIME -- DEFENDANT**

You have heard evidence that the defendant has previously been convicted of a crime.  A

defendant's prior criminal conviction is admitted into evidence solely for your consideration in

evaluating the defendant's credibility as a witness.  The fact that the defendant was convicted of a

crime in the past is not evidence that the defendant is guilty of the offense with which he is charged

in this case.  You must not draw any inference of guilt against the defendant from his prior conviction.  You may only consider this prior conviction in evaluating the credibility of his testimony in this case.

**Instruction 5.06**

**IDENTIFICATION**

The burden is on the government to prove beyond a reasonable doubt not only that the offense was committed as alleged in the indictment, but that the defendant was the person who committed it.

In considering whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offense, you may consider any one or more of the following:

1.  The witness' opportunity to observe the criminal acts and the person committing them, including the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness' state of mind at the time of the offense, and other circumstances affecting the witness' opportunity to observe the person committing the offense;

2.  Any subsequent identification, failure to identify or misidentification by the witness[es], the certainty or lack of certainty expressed by the witness[es], the state of mind of the witness[es] at the time, the length of time that elapsed between the crime and any subsequent identification, and any other circumstances that you deem relevant bearing on the reliability of the witness' identification; and

3.  Any other direct or circumstantial evidence that may identify the person who committed the offense charged or either support or not support the identification by the witness[es].

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant and that the defendant is the person who committed this offense before you may convict him.  If the circumstances of the identification of the defendant are not convincing beyond a reasonable doubt, you must find the defendant not guilty.

## THE CHARGED OFFENSE

**Instruction 4.79; 18 U.S.C. §§ 921(a)(3), (a)(17)(A), 922(g); Instruction 2.72
POSSESSION OF A FIREARM AND AMMUNITION AFTER CONVICTION
OF AN OFFENSE PUNISHABLE BY MORE THAN ONE YEAR**

The defendant is charged in the indictment with unlawful possession of a firearm and ammunition by a person who has previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm, that is, a handgun, OR knowingly possessed ammunition;
2. That the firearm or ammunition had been shipped or transported from one state to another; and
3. That at the time the defendant possessed the handgun or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

With regard to that second element, you are instructed that the parties have entered into a stipulation and agree that the firearm and ammunition entered into evidence in this case had been shipped or transported from one state to another.

With regard to that third element, you are instructed that the parties have entered into a stipulation and agree that the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to the date of the alleged incident.  The only relevance of this stipulation is for purposes of determining whether Mr. GREENE  falls into the category of individuals who are covered by the statute.  This prior conviction should <u>not</u> in any way be considered by you for purposes of determining whether it is more likely or less likely that Mr. GREENE  possessed a handgun and ammunition on MARCH 25, 2005.  Rather, you may only consider the prior conviction in determining whether the government has met its burden of

establishing the third element of the offense.

The term "firearm" includes any weapon that will, or is designed to or can readily be converted to, expel a projectile by the action of an explosive, such as a handgun. The government need not prove that the firearm was loaded or operable.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

An act was done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

The indictment charges possession of both a firearm and ammunition. Mr. GREENE has, therefore, been charged with more than one act upon which a conviction may be based. You may find the defendant guilty on this count if the government proves beyond a reasonable doubt either all three elements as to possession of a firearm, or all three elements as to possession of ammunition. However, in order to convict, you must all agree unanimously that the defendant knowingly possessed a firearm that was shipped or transported from one state to another, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, or that the defendant knowingly possessed ammunition that was shipped or transported from one state to another, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

### Instruction 3.08

### POSSESSION – DEFINED

There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item.

## Instruction 3.02

## PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

## Instruction 3.07 (IF APPROPRIATE)

## "ON OR ABOUT" — PROOF OF

You will note that the indictment charges that the offenses was committed "on or about" March 25, 2005. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses was committed on a date reasonably near the date alleged.

**CLOSING REMARKS**

**Instruction 2.71**

**ELECTION OF A FOREPERSON**

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission – to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.72**

**UNANIMITY OF VERDICT**

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree with the verdict. Your verdict must be unanimous.

**Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**

I am sending into the jury room with you the exhibits that have been received in evidence (except for the weapon and ammunition).  You may examine any or all of them as you consider your verdict.

If you wish to examine the weapon or ammunition, the marshal will bring them to you and remain in the room while each of you has the opportunity to examine this evidence.  You should not discuss the evidence or otherwise deliberate while the marshal is present.

**Instruction 2.74**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of conviction rests exclusively with me.  You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**Instruction 2.75**

**COMMUNICATIONS BETWEEN COURT AND JURY
DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**Instruction 2.76**

**FURNISHING THE JURY WITH A COPY OF
THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## INSTRUCTION 1.02

## NOTETAKING BY JURORS - NOTE

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and given them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

**VERDICT FORM EXPLANATION (BASED ON INSTRUCTION 2.77 DISCUSSION)**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the essential elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

The form is one page. It has some space for entries of your verdict. You should record your verdict on that form only after you have reached a unanimous verdict. It should then be signed and dated by the foreperson.

**RETURNING VERDICT AND POSSIBILITY OF A POLL**

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Don't tell me what your verdict is, and do not send your verdict form out. I will find out your verdict by asking your foreperson to provide the verdict form and state the verdict in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced by your foreperson. Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat.

If you disagree in any way you should simply say "no."  Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

If the polling indicates you have not reached a unanimous verdict, I will give you a further instruction and you will return to the jury room for further consideration of your verdict.

Ladies and Gentlemen, at this time you may retire to begin your deliberations, but before you retire I must extend my thanks and appreciation for the participation up to this point of jurors numbered _____ in seat _____, and _____ in seat _____.  They were determined to be the alternate jurors in this matter, and I am required to excuse them prior to the beginning of deliberations.  I wish to thank both of you, and you may return to the jury lounge.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney

_____

LIONEL ANDRE
Assistant United States Attorney
D.C. Bar No. 422534
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4846
Washington, DC 20001
(202) 353-2481; Fax: 353-9414

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-0172 (RCL)** |
| | : | |
| | : | |
| **DERRICK GREENE,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>VERDICT FORM</u>

1)  We the jury find the defendant, Derrick Greene

_____ Guilty  _____ Not Guilty

of unlawful possession of a firearm and/ or ammunition by a person who has

been convicted of a crime punishable by more than one year in prison on or

about March 25, 2005.

_____          _____
  Foreperson                                 Date