UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA             :
                                     :
v.                                   :   CRIMINAL NO. 05-0172 (RCL)
                                     :
                                     :
DETRICK GREENE,                      :
     aka DERRICK GREENE,             :
                                     :
     Defendant.                      :
                                     :

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Detrick Greene (aka Derrick Greene), hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Unlawful Possession of Firearm by Convicted Felon, 18 U.S.C. 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm, that is, a handgun, **or** that the defendant knowingly possessed ammunition;

2. That the firearm **or** ammunition had been shipped or transported from one state to another; and

3. That at the time the defendant possessed the handgun **or** the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on March 25, 2005, at approximately 5:58 p.m., members of the Metropolitan

Police Department's Third District's Vice Unit were on patrol in the south alley of the 1400 block of Clifton Street conducting a stop, when a silver colored Lincoln with mirrored tint and District of Columbia Tag number "CD 3494" entered the alley, then quickly backed out of the alley and quickly drove off. The officers observed the Lincoln drive east on Clifton Street; therefore, the officers pursued the vehicle and eventually stopped it in the 1400 block of Clifton Street for the illegal tint on the windows of the vehicle.

Upon stopping the vehicle, Officer Adrian Harris informed the defendant, Derrick Greene, the reason for the traffic stop. While speaking to the driver, Officer Harris smelled an odor consistent with that of an alcoholic beverage emanating from the inside of the vehicle. Defendant Greene and his two passengers were then asked to get out of the vehicle for officer safety and to enable the officers to conduct the window tint test to confirm their belief that the tint was darker than the law permitted. As defendant Greene was exiting the vehicle, he dropped his lit cigar on the floorboard of the vehicle. Officer Harris then reached down to retrieve the lit cigar and noticed that the odor of alcohol got even stronger when he bent down to grab the lit cigar. Officer Harris then focused on a red plastic cup that was on a cup holder which contained an amber-brown colored liquid that looked and smelled like liquor. Officer Harris then asked defendant Greene about the ownership of the liquor in the cup. Defendant Greene replied that the liquor belonged to him. As a result, defendant Greene was placed under arrest for possession of an open container of alcohol.

After defendant Greene was placed under arrest, the officers conducted a search incident to arrest of the interior passenger compartment of the vehicle. During the search, the police found, in plain view, a loaded .357 Smith & Wesson wedged between the driver's seat and the center console.

Further investigation revealed that defendant Greene had been previously convicted in the District of Columbia of a crime punishable by imprisonment for a term exceeding one year. Also, neither the Smith & Wesson .357 Magnum revolver nor the six (6) rounds of .357 Winchester ammunition found in the firearm were manufactured in the District of Columbia, and had been previously transported through interstate commerce.

This factual proffer is a summary of the defendant's participation in the possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea in this case.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
LIONEL ANDRE
ASSISTANT UNITED STATES ATTORNEY
Bar No. 422534
Narcotics Section
555 4th St., NW Rm. 4846
Washington, D.C. 20530
202-353-2481

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Tony L. Axam, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7-13-05

_____
Derrick Greene

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/13/05

_____
Tony L. Axam, Esquire
Attorney for the Defendant