IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-172 (RCL) |
| v. | : | Sentencing Date: October 7, 2005 |
| DERRICK GREENE, | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

I. **INTRODUCTION**

On July 13, 2005, Defendant Derrick Greene pled guilty to count one of a one-count indictment charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for One year or More in violation of 18 U.S.C. § 922(g)(1). Based on his conduct in the instant case and his prior criminal record, defendant Greene's Total Offense Level (after a three level reduction for acceptance of responsibility) under the United States Sentencing Guidelines is 17, and his criminal history category is IV, so his Sentencing Guideline range is 37 to 46 months. The Government has no disagreements with this analysis in the PSI. In the sentencing analysis, defendant Greene deserves credit for pleading early in the process and saving the Court and the Government the expense and effort of taking the matter to trial. The Government submits that these factors warrant a sentence at the lower end of the guideline range. For the reasons set forth below, the government is recommending that the defendant be sentenced to 37 months.

II.     **SENTENCING LAW FOLLOWING UNITED STATES V. BOOKER**

The Court should impose a sentence within the Sentencing Guideline range. In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. <u>See</u> 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness."

> A.  **Although this Court Has Authority under Booker to Sentence below the Guideline Range, There Is No Valid Reason to Depart in this Case**

Following <u>Booker</u>, the Court is no longer required to impose a Guidelines sentence in all cases, and its sentencing decision will be reviewed for reasonableness. <u>Booker</u> directs sentencing courts to fashion sentences that are consistent with the factors set forth in 18 U.S.C. § 3553(a), and that can best be done by adhering closely to the sentences derived from the Guidelines. It is the very purpose of the Guidelines to assist judges in meeting the sentencing goals of Section 3553(a).[1] In the government's view, the most reasonable sentence in this case

---

[1] Through the specific provisions covering offense and offender characteristics and the various grounds for departure, the Guidelines address all of the considerations relevant to

would be a sentence within the range calculated under the Sentencing Guidelines for an Offense Level of 17, criminal history category IV.  As discussed below, there is nothing in defendant's personal circumstances that would justify a further reduction beyond Offense Level 17, criminal history category IV.

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress.  The Guidelines, consisting of offense characteristics and various grounds for departure, address the considerations relevant to sentencing, as articulated in Section § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

---

sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

### B.  The Guideline sentence is reasonable in light of the defendant's personal characteristics and circumstances

In the instant case, consideration of all the factors that are set forth in § 3553(a), including the defendant's personal characteristics and circumstances, supports the conclusion that the Guideline sentence is reasonable, and that defendant Greene should be sentenced within the guideline range of Offense Level 17.

First the offense of conviction is a serious one. The defendant pled guilty to Possession of a Firearm by a Convicted Felon.  Based on the underlying facts of the case, it appears that the defendant was driving in a Lincoln Town Car with mirrored tinted windows, and had an open container of alcohol and a loaded .357 Smith & Wesson in his possession - - a clear formula for disaster.  The Court need not ignore the level of violence that occurs on a daily basis in the District of Columbia as a result of illegal gun possession.  Far too often, there are news reports of innocent children watching television in the comfort of their livingroom who are shot and killed by stray bullets from gun wielding individuals.  Gun violence destroys individuals, families, city blocks and entire communities.  It goes without saying that alcohol and loaded guns don't go well together.  Any sentence that the Court imposes should serve to reflect the seriousness of the offense of possession of a deadly handgun while consuming alcohol.

In addition, any sentence that the Court imposes should also provide adequate deterrence and respect for the law § 3553(a)(6).  Despite the defendant Greene's relative youth (23 years old), he has a serious criminal record.  At age 18, defendant Greene was convicted of Possession of Cocaine (F-1588-01), Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Marijuana  (F-2730-01). At age 21, defendant Greene  was convicted of Possession

of Marijuana (M-10107-03). In addition, defendant has a pending Unauthorized Use of a Vehicle charge pending in New York for which he is on bench warrant status. Thus far, defendant Greene has repeatedly violated probation or supervised release, resulting in the revocation of those privileges . At the time of his arrest in the instant case, defendant was under a criminal justice sentence for Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Marijuana (F-2730-01).

Defendant Greene's conduct throughout his entire young adult life has demonstrated nothing but contempt for the rule of law in an orderly society. Specific deterrence or respect of the law does not appear to have any meaning to defendant Greene. Therefore, the court should impose a sentence that is severe enough that would-be gun possessing felons will know that this Court considers illegal gun possession by convicted felons in the District of Columbia to be a serious matter that will not be tolerated.

    C.    **Defendant Greene's Other Personal Characteristics**

It appears that defendant Greene was raised by his mother in a single parent environment because his father (who was an alcoholic) has not been involved in the defendant's life since age 11. Defendant's mother is very supportive of him and has provided a nurturing environment for him. She has been gainfully employed with the Head Start Program for 15 years as a counselor. Thus, defendant does not have the excuse that he had a rough childhood and had to commit crimes to survive.

It also appears that Defendant Greene is an alcoholic who drinks alcohol to the point of blacking out. Alcohol has played a role in four of his convictions. If he stops drinking, perhaps he may stop committing crimes. Defendant Greene does not have a High School Diploma or a

General Equivalency Diploma. He also does not have any vocational training. Therefore, his prospects of securing meaningful employment in the future is doubtful.

Any sentence that the Court structures should afford the defendant the opportunity to obtain treatment for his alcoholism, and obtain some vocational training to minimize the possibility of recidivism.

### III.   GOVERNMENT'S RECOMMENDATION

The calculations underlying the Guideline sentence in the instant case has already taken into account both the seriousness of the defendant's offense, the need for deterrence and respect for the law, as well his defendant's acceptance of responsibility.

Any further reduction of the defendant's sentence below the Guideline range of 17 would serve to place undue emphasis on his personal characteristics, which are but a single factor to be considered by the sentencing court.

For the reasons outlined above, a guideline sentence of 37 months is reasonable and appropriate for defendant Greene.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY
>
>_____
>
>LIONEL ANDRE
>ASSISTANT UNITED STATES ATTORNEY
>D.C. Bar No. 422534
>Organized Crime and Narcotics Section
>555 Fourth Street NW, Room 4846
>Washington, DC 20530