# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 05-172 (RCL)/(SJ) |
| | ) | |
| DERRICK GREENE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Derrick Greene, through undersigned counsel, respectfully submits this memorandum in aid of his sentencing.  On July 13, 2005, Derrick Greene, pled guilty to one count of possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year.  He will appear before this Honorable Court for sentencing on October 7, 2005.  Mr. Greene requests a sentence of thirty seven months, which falls within the applicable United States Sentencing Guideline range.

Although the United States Sentencing Guidelines are not mandatory, the low end of the applicable guideline range in this case provides a reasonable sentence.  As the Court is aware, a reasonable sentence should involve consideration of all of the statutory purposes underlying sentencing as set forth in 18 U.S.C. §  3553(a). United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764 (2005).  These factors include:   "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense."  18 U.S.C. 3553(a).

Considering the nature and circumstances of the immediate offense along with the

specific characteristics and personal background of Ms. Greene, a sentence at the bottom end of the applicable guideline range as recommended by the government is appropriate.  Section 3553 of Title 18, encourages courts to impose sentences "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing.

Derrick Greene is twenty-three years old and has lived his entire life in the D.C. metropolitan area.  He has held several full-time jobs, and at the time of his arrest he was employed as a clerk at a fast food restaurant.  Though not married, he is involved in a long-term relationship with Shanita Simpson and they expect their first child some time in October, 2005. Mr. Greene regrets that he will be incarcerated when his child is born.  This unfortunate circumstance has certainly given him pause to consider the direction of his life and the type of father he would like to become.  Mr. Greene has not had a supportive relationship with his own father.  He does not wish to repeat that mistakes he has seen his own father make.

Mr. Greene was reared primarily by his mother, who has been supportive, but who was unable to single-handedly turn Mr. Greene from the negative influences of the streets of D.C. The immediate offense involves Mr. Greene's possession of a firearm in his car.  There is no allegation that he used it or attempted to use it or reach for it.  He cooperated with law enforcement during his detention and arrest and pled guilty within two months of his indictment. He appears before the Court for sentencing having accepted full responsibility for his actions.

Throughout Mr. Greene's involvement in the criminal justice system, he has struggled with alcohol abuse.  Indeed, he was charged in the immediate case for possession of an open container of alcohol along with the firearm he possessed.  Mr. Greene requests this Court to recommend that he receive alcohol abuse treatment while incarcerated.

2

As the presentence report reflects, Mr. Greene has several contacts with the criminal justice system, yet one prior felony conviction. It is this conviction that increases the base offense level for a firearm from fourteen points to twenty points. It is this conviction that places Mr. Greene within criminal history category IV under the Sentencing Guideline Table. Following sentencing in this matter, Mr. Greene faces sentencing for the revocation of his parole for this prior conviction. He will almost certainly receive a consecutive sentence.

Mr. Greene certainly doesn't seek to diminish the seriousness of his prior record or of the offense for which he stands convicted now, however, he has paid a high price for his prior record and he will continue to pay a high price for that transgression. Mr. Greene merely requests that this Court weigh that prior conviction in a reasonable manner and to consider that the Guideline sentencing range accounts for his prior offense in both his criminal history category and the offense level. Should the Court sentence Mr. Greene to 37 months, this sentence would clearly be adequate to satisfy the statutory purposes of sentencing given Mr. Greene's youth and the productive life that remains ahead of him, and given that Mr. Greene still faces sentencing for revocation of his parole.

3

## **CONCLUSION**

For all of the foregoing reasons, and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Greene respectfully submits that a sentence of thirty seven months with a period of supervised release to follow would be a reasonable sentence in this matter.  Mr. Greene also requests the Court to recommend that he receive alcohol counseling and vocational training while incarcerated.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/S/
_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500

4

## CERTIFICATE OF SERVICE

I hereby certify that on the \_\_5\_\_ day of October, 2005, a copy of the foregoing

Memorandum in Aid of Sentencing were served by electronic means on Assistant United States

Lionel Andre, 555 4th Street, N.W., Washington, D.C. 20530.


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender